1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

CARLOS YEAGER,

11

      Plaintiff,

CASE NO. C06-0740RSM

12

    v.

13

MICHAEL CHERTOFF,

ORDER GRANTING
DEFENDANT'S SECOND
MOTION FOR SUMMARY
JUDGMENT

14

      Defendant.

15
16

## I.  INTRODUCTION

17
18

    This matter comes before the Court on defendant's Motion for Summary Judgment,

19

asking the Court to dismiss plaintiff's claim that he was terminated from employment in violation

20

of the Rehabilitation Act.  (Dkt. #16).  Defendant asserts that plaintiff was terminated for his

21

inability to perform the essential functions of his job, and his termination claim is therefore

22

preempted by the Aviation Transportation Security Act ("ATSA"); its request for medical

23

documentation was not overbroad; and plaintiff failed to meet his obligation of providing

24

appropriate medical documentation to defendant.

25

    Plaintiff responds that summary judgment is not appropriate because he opposed an

26

unlawful directive by defendant in good faith, he was harmed by that opposition, there is a

ORDER
PAGE - 1

1    causal connection between the opposition and harm that he suffered, and a good faith opposition

2    claim is not superseded by the ATSA.  (Dkt. #19).  For the reasons set forth below, the Court

3    disagrees with plaintiff, and GRANTS defendant's motion for summary judgment.

## II.  DISCUSSION

### A.  Background

6        This action arises from plaintiff Carlos Yeager's allegations that he was discriminated

7    against and unlawfully terminated from his job with the United States Transportation

8    Administration ("TSA") because of a physical disability.  The background for plaintiff's claims

9    was fully set forth in this Court's Order on defendant's first motion for summary judgment, and

10   is incorporated by reference here.  (*See* Dkt. #14 at 2-5).  In his Complaint, plaintiff alleges

11   discrimination on the basis of disability in violation of the Rehabilitation Act.  Plaintiff initially

12   claimed that defendant violated the Rehabilitation Act when it failed to make a reasonable

13   accommodation for his back injury.  However, the Court has since found that, as a matter of

14   law, the ATSA supercedes the Rehabilitation Act, and therefore plaintiff may not pursue his

15   reasonable accommodation claim.  (Dkt. #14 at 9).  Plaintiff also claims that defendant

16   wrongfully terminated him for refusing to provide defendant with a response to its overly broad

17   request for medical information, which was not privileged by applicable statutes.  Defendant

18   now moves for summary judgment on that remaining claim.

### B.  Summary Judgment Standard

20       Summary judgment is proper where "the pleadings, depositions, answers to

21   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

22   genuine issue as to any material fact and that the moving party is entitled to judgment as a

23   matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247

24   (1986).  The Court must draw all reasonable inferences in favor of the non-moving party.  *See*

25   *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,*

26

512 U.S. 79 (1994).  The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial.  *See Anderson*, 477 U.S. at 257.  Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment.  *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party."  *Anderson,* 477 U.S. at 248.  Material facts are those which might affect the outcome of the suit under governing law.  *See id.*  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).  Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment.  *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995).  Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions.  *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 345 (9th Cir. 1995); *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d 665, 667 (9th Cir. 1980).

### C.  Retaliation Claim

In his Complaint, plaintiff alleges that he was unlawfully terminated from his employment in retaliation for failing to provide a response to defendant's medical records request.  In order to make a *prima facie* case on this claim, plaintiff must show that: (1) he was engaged in an activity protected by the Rehabilitation Act; (2) the employer subjected him to an adverse employment decision; and (3) there was a causal link between the protected activity and the employer's decision.  *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1121 (9th Cir. 2000) (*en banc*), *cert. granted in part*, 121 S. Ct. 1600 (2001); *see* 29 U.S.C. § 791(g).  The standard for review

ORDER
PAGE - 3

of a claim of disability discrimination under the Rehabilitation Act is the same as under the

American with Disabilities Act ("ADA").  *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th

Cir. 2002) (discussing elements of *prima facie* case of disability discrimination under

Rehabilitation Act and ADA); *see also Wong v. Regents of University of California*, 410 F.3d

1052, 1055 n.1 (9th Cir. 2005) (noting that Title II of the ADA and section 504 of the

Rehabilitation Act "create the same rights and obligations").

    The ADA provides:

> No person shall discriminate against any individual because such individual has
> opposed any act or practice made unlawful by this chapter or because such
> individual made a charge, testified, assisted, or participated in any manner in
> an investigation, proceeding, or hearing under this chapter.

24 U.S.C.  § 12203(a).  With respect to medical inquiries, the ADA further provides that:

> A covered entity shall not require a medical examination and shall not make
> inquiries of an employee as to whether such employee is an individual with a
> disability or as to the nature and severity of the disability, unless such
> examination or inquiry is shown to be job-related and consistent with business
> necessity.

24 U.S.C. § 12112(d)(4)(A).  Further, an employer "may make inquiries into the ability of an

employee to perform job related functions."  *Id*. at (d)(4)(B).

    To successfully avoid summary judgment, plaintiff must establish a *prima facie*

retaliation case, as set forth above.  Once he does that, the burden shifts to defendant to

articulate a legitimate, non-retaliatory explanation for the action.  *Pardi v. Kaiser Permanente*

*Hosp. Inc.*, 389 F.3d 840, 849 (9th Cir. 2004).  To satisfy that burden, defendant "need only

produce admissible evidence which would allow the trier of fact rationally to conclude that the

employment decision had not been motivated by discriminatory animus."  *Miller v. Fairchild*

*Industries*, 797 F.2d 727, 731 (9th Cir. 1986) (citation omitted).  If defendant satisfies that

burden, plaintiff is then afforded the opportunity to show that the "assigned reason" was a

"pretext or discriminatory in application."  *Washington v. Garrett*, 10 F.3d 1421, 1432 (9th Cir.

1993) (citation omitted).  If plaintiff succeeds in raising a genuine factual issue regarding "the

ORDER
PAGE - 4

authenticity of the employer's stated motive, summary judgment is inappropriate, because it is for the trier of fact to decide which story is to be believed." *Garrett*, 10 F.3d at 1433.  The Court now concludes that plaintiff cannot meet his initial burden.

In the instant case, plaintiff alleges that he was terminated from employment for his failure to respond to an overbroad medical inquiry.  He argues that his opposition to the request was the protected act for which he was terminated.  The Court disagrees.  On November 10, 2003, defendant provided plaintiff with a memorandum requesting updated medical information "in order to ascertain your availability to perform the duties of your position as a Transportation Security Screener" and to support a long series of absences from work.  (Dkt. #17, Ex. B).  The memorandum went on to request detailed medical information, including a comprehensive medical history, copies of reports of diagnostic laboratory tests, diagnoses of conditions, and an explanation of any restrictions on activities.

The Court agrees with defendant that the memorandum is not an overbroad request for medical information.  Although plaintiff complains that it was a form letter not specifically referencing his back injury, it is clear that defendant sought only limited information.  For example, the letter asks for information supporting his extended absences from work, and information that would help them ascertain his ability to perform his job.  (Dkt. #17, Ex. B). The record is clear that defendant had long been aware that plaintiff suffered from a back injury. When read in that context, there can be no doubt that plaintiff was being asked to provide medical information related to that injury.  While plaintiff complains that the letter also asks for psychological information and lab tests which have no relation to his back injury, plaintiff ignores the qualifying language, "if applicable," relating to those requests.  Further, the memorandum asks for information pertaining to "your condition," which relates to the absences from work for which defendant sought medical support.  Because plaintiff had apparently missed work only as a result of his back injury, the Court finds disingenuous plaintiff's argument that he

1   believed defendant sought unrelated medical information.

2       In any event, even if the letter was to be construed as overbroad, plaintiff failed to

3   oppose the request on that basis.  Indeed, plaintiff has testified that he did not respond to the

4   request because he thought the information was private, and that defendant should have

5   obtained it directly from the Department of Labor ("DOL").  (Dkts. #17 at 2 and #18, Ex. A at

6   76-77).  Plaintiff now argues that what he meant by "private," was that the request was

7   overbroad.  The Court is not persuaded.

8       Plaintiff argues that he was not required to use the word "overbroad" in opposing the

9   medical request because that word does not appear in the statute.  While the Court agrees that

10  use of the word "overbroad" was not necessary, the Court finds nothing in the record to

11  demonstrate that plaintiff ever disputed that the medical request was job-related and consistent

12  with business necessity.  Indeed, the memorandum expressly states that defendant was

13  attempting to ascertain plaintiff's ability to continue working, and in what capacity.  In response

14  plaintiff cited privacy concerns.  Plaintiff has testified that he never informed defendant that he

15  thought the request was overbroad.  (Dkt. #18, Ex. A at 77).  In addition, plaintiff undermines

16  both his privacy concern and his instant argument, by testifying that he believed defendant

17  should have obtained the information it was seeking from the DOL rather than himself.  He

18  never told defendant that the DOL would provide it with more limited information, nor did he

19  himself offer to provide more limited information.  Plaintiff never even asked for clarification of

20  what information defendant was seeking.  Thus, it could not have been clear to defendant that

21  plaintiff was opposing a request he thought to be overbroad.

22      Accordingly, even viewing the facts in the light most favorable to plaintiff, and drawing

23  all reasonable inferences in his favor, the Court agrees with defendant that plaintiff did not

24  oppose any act or practice made unlawful by the ADA, and therefore he fails to make a *prima*

25  *facie* retaliation case.  For that reason, his retaliation claim will be dismissed, and this case will

26

ORDER
PAGE - 6

be closed.

## **III. CONCLUSION**

For the reasons set forth above, the Court hereby ORDERS:

(1)  Defendant's Motion for Summary Judgment (Dkt. #16) is GRANTED.

(2)  Plaintiff's retaliation claim brought under the Rehabilitation Act is DISMISSED and this case is now CLOSED.

(3)  The Clerk shall send a copy of this Order to all counsel of record.

DATED this 21st day of June, 2007.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE